Cockburn, C. J.;
concurring in this opinion, said : “Nowit is of the essence of such an easement ” (referring to the right to divert a stream, the ser'vitus aquae ducendce of the civil law), “ that it exists for the benefit of the dominant tenement alone. Being, in its very nature, a right created for the benefit of the dominant owner, its exercise by him cannot operate to create a new right for the benefit of the servient owner. Like any other right, its exercise may be discontinued, if it becomes onerous, or ceases to be beneficial to the party entitled. An easement like the present, while it subjects the owner of the servient tenement to disadvantage by taking from him the use of the water, for the watering of his cattle, the irrigation *523 of his land, the fuming of his mill, or other beneficial use to which water may be applied, may, on the other hand, no doubt be attended incidentally with equal or greater advantage to him; as, for instance, by rendering him safe from the danger of inundation. But this will give him no right to insist on the exercise of the easement on the part of the dominant owner, if the latter finds it expedient to abandon his right.” This decision, if correct, would effectually dispose of the ease before us, even in the absence of other considerations to which I have referred.
Various exceptions were taken at the trial to the rulings of the court upon matters of evidence, to the refusal to give certain instructions asked, and to the charge as given, which, if I were to attempt to discuss seriatim, would swell this opinion to an insufferable volume. Suffice it to say that, although the charge was somewhat involved, and portions of it, standing alone, might be considered erroneous, yet, taking it as a whole, we are of opinion that the jury was fairly advised as to the law of the ease. We all think that substantial justice was attained by the verdict; and, being the only verdict which could be property rendered in the case, we find no error in the court’s refusal to set it aside, or in the action of the district court affirming the judgment. See Buck v. Waddle, 1 Ohio, 357-363.

Judgment affirmed.